85751-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LINDA FANELLI,                                         CIRCUIT CIVIL DIVISION

    Plaintiff,                                       CASE NO. 9:17-cv-80888-KAM

AMERICAN AIRLINES, INC. and
KENNETH CHAPLINE,

    Defendants,
_____/

**AGREED MOTION FOR PROTECTIVE ORDER
FOR HANDLING OF SENSITIVE SECURITY INFORMATION
AND TRADE SECRET INFORMATION**

THE PARTIES, having conferred and agreed upon the matters contained herein, hereby move this Honorable Court for a PROTECTIVE ORDER FOR HANDLING OF SENSITIVE SECURITY AND TRADE SECRET INFORMATION, and state:

**I. SENSITIVE SECURITY INFORMATION**

    1. Pursuant to 49 CFR 15.1 the Secretary of the Department of Transportation for the United States of America has declared certain documents AMERICAN AIRLINES, INC. has been requested to produce in this case qualify as Sensitive Security Information (hereinafter 'SSI') as defined in 49 CFR 15.5. The protected documents include items such as: Airbus A320 Operating Manual; Airbus A320 Quick Reference Handbook; Airbus Modification Information; American Airlines, Inc. Flight Attendant Manual; and Post Incident Engineering Orders. *See also* 49 CFR Parts 15 and 1520.

    2. The requested information and documents qualify as SSI because under 49 CFR 15.7 because AMERICAN AIRLINES, INC. is an 'aircraft operator' and under 49 CFR 15.5 the requested documents contain sensitive security and performance specifications for AMERICAN AIRLINES, INC. aircraft operations and the aircraft crew members during all phases of ground operations and flight.

    3. Pursuant to 49 CFR 15.5 this Protective Order is necessary because the Department of Transportation has determined that the uncontrolled disclosure of SSI would otherwise:

        (a) Constitute an unwarranted invasion of privacy (including, but not limited to, information contained in any personnel, medical, or similar file)
        (b) Reveal trade secrets or privileged or confidential information obtained from any person; or

CASE NO. 9:17-cv-80888-KAM

(c) Be detrimental to transportation safety.

4. 49 CFR 15.9 provides that AMERICAN AIRLINES, INC. may only disclose SSI on a 'need to know' basis as defined by 49 CFR 15.11.

5. AMERICAN AIRLINES, INC. is disclosing the SSI in response to discovery requests in this lawsuit pending in United States District Court, which qualifies as a judicial proceeding exception and a 'need to know' basis.

## II. AGREED CONFIDENTIALITY ORDER

1. AMERICAN AIRLINES, INC. shall designate those documents and other material that qualify as SSI or Trade Secret by stamping, marking, or otherwise identifying such material as "Confidential". Such designation shall make such items and all copies, prints, summaries, or other reproductions of such material subject to this Order. The stamping, marking or identifying such material as confidential shall not obscure the text of the document and when possible shall be located in the margin.

2. The Protective Order shall not preclude the parties from exercising any rights or raising any objections available to them under the rules of discovery and evidence.
    (i) When used in this description, the term "Confidential Material" means all written materials, computer documents, videotapes, answers to interrogatories, responses to requests for production, deposition transcripts and all other tangible items which disclose "Confidential" information.
    (ii) In the case of a deposition or oral examination, Counsel for AMERICAN AIRLINES, INC. may, during or after the deposition, designate that testimony involving Confidential Material be held as Confidential. Counsel for AMERICAN AIRLINES, INC. shall then, within reasonable time after receipt of the completed deposition transcript, submit to opposing counsel and the court a page/line designation of all areas of testimony in good faith deemed to be confidential.
    (iii) When used in this description, the term "Covered Persons" includes the following: (1) the named parties in this litigation; (2) the named Counsel for the named parties in this litigation, including members of Counsel's legal or support staff (e.g., investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (3) experts retained or consulted by Counsel for the named parties in this litigation to assist in the preparation, defense, or evaluation of this litigation.

3. Absent further order of the Court, those documents marked as Confidential Material shall not be used for any purpose other than the prosecution or defense of this

2

CASE NO. 9:17-cv-80888-KAM

lawsuit, and shall not be shown, disseminated or disclosed in any matter to anyone other than covered persons without the prior written agreement of AMERICAN AIRLINES, INC. or order of the Court after reasonable notice to AMERICAN AIRLINES, INC..

4. Before showing or divulging the contents of any Confidential Material to any Covered Person as defined in Paragraph 2(iii), Counsel shall first obtain a signed "Written Assurance" in the form attached hereto. Counsel shall maintain a list of all such recipients of Confidential Material to whom this paragraph applies and the original of all Written Assurances required pursuant to this paragraph. At the conclusion of the case, the Parties shall provide copies of each Written Assurance to counsel for AMERICAN AIRLINES, INC..

5. All Covered Persons shall protect the Confidential Material in compliance with 49 CFR 15.9.

6. If any Confidential Material is filed with any Court, including any pleading or memorandums incorporating Confidential Material, it shall be filed pursuant to the local rules for filing Confidential Material with the Court.

7. Confidential Material may be introduced into evidence, if otherwise admissible, provided that the party seeking introduction provides AMERICAN AIRLINES, INC. at least ten (10) days prior notice of its intent so that AMERICAN AIRLINES, INC. may have adequate time to investigate and respond to the request, and seek an in camera review of the materials if needed.

8. At the conclusion of this litigation, all Confidential Material shall be returned to AMERICAN AIRLINES or destroyed.

CASE NO. 9:17-cv-80888-KAM

85751-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LINDA FANELLI,                                      CIRCUIT CIVIL DIVISION

    Plaintiff,                                      CASE NO. 9:17-cv-80888-KAM

AMERICAN AIRLINES, INC. and
KENNETH CHAPLINE,

    Defendants,
_____/

## WRITTEN ASSURANCE

    I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in this case and I am familiar with the Sensitive Security Information handling requirements under 49 CFR Parts 15 and 1520.

    I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to the Confidential Documents furnished by AMERICAN AIRLINES, INC.

    Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned court for the special and limited purpose of enforcing the terms of the Protective Order.

    I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by AMERICAN AIRLINES, INC and are not waived by the disclosure provided for herein.  Further, in the event of the breach of this Written Assurance, I recognize that AMERICAN AIRLINES, INC may pursue all civil remedies available to it as a third-party beneficiary of this Written Assurance.

| _____<br>DATE | _____<br>PRINTED NAME |
|---|---|
|  | _____<br>SIGNATURE |

CASE NO. 9:17-cv-80888-KAM

THIS PROTECTIVE ORDER OF CONFIDENTIALITY AGREED TO BY:

| | |
|---|---|
| MURRAY & GUARI<br>Attorneys for the Plaintiff<br>1525 N. Glagler Drive<br>Suite 100<br>West Palm Beach, FL 33401<br>Phone: (561) 366-9099<br>Fax: (561) 366-9098 | WICKER, SMITH, O'HARA, MCCOY &<br>FORD, P.A.<br>Attorneys for American Airlines, Inc.<br>515 E. Las Olas Boulevard<br>SunTrust Center, Suite 1400<br>P.O. Box 14460<br>Ft. Lauderdale, FL 33302<br>Phone: (954) 847-4800<br>Fax: (954) 760-9353 |
| By: __*s/ Scott B. Perry*<br>   Jason Guari<br>   jguari@murrayguari.com<br>   Florida Bar No. 76960<br>   Scott B. Perry<br>   sperry@murrayguari.com<br>   Florida bar No. 99092 | By: /s/ *Christopher J. Jahr*<br>   Jason A. Glusman<br>   jglusman@wickersmith.com<br>   Florida Bar No. 419400<br>   Christopher J. Jahr<br>   cjahr@wickersmith.com<br>   Florida Bar No. 73066 |

CASE NO. 9:17-cv-80888-KAM

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned counsel has conferred with Plaintiff regarding the matters contained in this motion and counsel for Plaintiff has agreed to the terms of the proposed protective order.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on April 23, 2018, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Christopher J. Jahr*
Jason A. Glusman
Florida Bar No. 419400
dohara@wickersmith.com
Christopher J. Jahr
Florida Bar No. 73066
cjahr@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for American Airlines, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com