UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-80888-Marra/Matthewman

LINDA FANELLI,

    Plaintiff,

AMERICAN AIRLINES, INC. and
KENNETH CHAPLINE,

    Defendants,
_____/



## AGREED PROTECTIVE ORDER
## FOR HANDLING OF SENSITIVE SECURITY INFORMATION
## AND TRADE SECRET INFORMATION

THIS MATTER came before the Court upon the Parties Agreed Motion for Protective Order For Handling of Sensitive Security Information. The Court having reviewed the matter, and being fully advised, it is hereby ORDERED that said motion is GRANTED as follows:

### I. SENSITIVE SECURITY INFORMATION

    1. Pursuant to 49 CFR 15.1 the Secretary of the Department of Transportation for the United States of America has declared certain documents AMERICAN AIRLINES, INC. has been requested to produce in this case qualify as Sensitive Security Information (hereinafter 'SSI') as defined in 49 CFR 15.5. The protected documents include items such as: Airbus A320 Operating Manual; Airbus A320 Quick Reference Handbook; Airbus Modification Information; American Airlines, Inc. Flight Attendant Manual; and Post Incident Engineering Orders. *See also* 49 CFR Parts 15 and 1520.

    2. The requested information and documents qualify as SSI because under 49 CFR 15.7 because AMERICAN AIRLINES, INC. is an 'aircraft operator' and under 49 CFR 15.5 the requested documents contain sensitive security and performance specifications for AMERICAN AIRLINES, INC. aircraft operations and the aircraft crew members during all phases of ground operations and flight.

    3. Pursuant to 49 CFR 15.5 this Protective Order is necessary because the Department of Transportation has determined that the uncontrolled disclosure of SSI would otherwise:

  (a) Constitute an unwarranted invasion of privacy (including, but not limited to, information contained in any personnel, medical, or similar file)
  (b) Reveal trade secrets or privileged or confidential information obtained from any person; or
  (c) Be detrimental to transportation safety.

4. 49 CFR 15.9 provides that AMERICAN AIRLINES, INC. may only disclose SSI on a 'need to know' basis as defined by 49 CFR 15.11.

5. AMERICAN AIRLINES, INC. is disclosing the SSI in response to discovery requests in this lawsuit pending in United States District Court, which qualifies as a judicial proceeding exception and a 'need to know' basis.

## II. AGREED CONFIDENTIALITY ORDER

1. AMERICAN AIRLINES, INC. shall designate those documents and other material that qualify as SSI or Trade Secret by stamping, marking, or otherwise identifying such material as "Confidential". Such designation shall make such items and all copies, prints, summaries, or other reproductions of such material subject to this Order. The stamping, marking or identifying such material as confidential shall not obscure the text of the document and when possible shall be located in the margin.

2. The Protective Order shall not preclude the parties from exercising any rights or raising any objections available to them under the rules of discovery and evidence.
  (i) When used in this description, the term "Confidential Material" means all written materials, computer documents, videotapes, answers to interrogatories, responses to requests for production, deposition transcripts and all other tangible items which disclose "Confidential" information.
  (ii) In the case of a deposition or oral examination, Counsel for AMERICAN AIRLINES, INC. may, during or after the deposition, designate that testimony involving Confidential Material be held as Confidential. Counsel for AMERICAN AIRLINES, INC. shall then, within reasonable time after receipt of the completed deposition transcript, submit to opposing counsel and the court a page/line designation of all areas of testimony in good faith deemed to be confidential.
  (iii) When used in this description, the term "Covered Persons" includes the following: (1) the named parties in this litigation; (2) the named Counsel for the named parties in this litigation, including members of Counsel's legal or support staff (e.g., investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (3) experts retained or consulted by Counsel for the named parties in this litigation to assist in the preparation, defense, or evaluation of this litigation.

3. Absent further order of the Court, those documents marked as Confidential Material shall not be used for any purpose other than the prosecution or defense of this lawsuit, and shall not be shown, disseminated or disclosed in any matter to anyone other than covered persons without the prior written agreement of AMERICAN AIRLINES, INC. or order of the Court after reasonable notice to AMERICAN AIRLINES, INC..

4. Before showing or divulging the contents of any Confidential Material to any Covered Person as defined in Paragraph 2(iii), Counsel shall first obtain a signed "Written Assurance" in the form attached hereto. Counsel shall maintain a list of all such recipients of Confidential Material to whom this paragraph applies and the original of all Written Assurances required pursuant to this paragraph. At the conclusion of the case, the Parties shall provide copies of each Written Assurance to counsel for AMERICAN AIRLINES, INC..

5. All Covered Persons shall protect the Confidential Material in compliance with 49 CFR 15.9.

6. If any Confidential Material is filed with any Court, including any pleading or memorandums incorporating Confidential Material, it shall be filed pursuant to the local rules for filing Confidential Material with the Court.

7. Confidential Material may be introduced into evidence, if otherwise admissible, provided that the party seeking introduction provides AMERICAN AIRLINES, INC. at least ten (10) days prior notice of its intent so that AMERICAN AIRLINES, INC. may have adequate time to investigate and respond to the request, and seek an in camera review of the materials if needed.

8. At the conclusion of this litigation, all Confidential Material shall be returned to AMERICAN AIRLINES or destroyed.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of April 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-80888-Marra/Matthewman

LINDA FANELLI,

    Plaintiff,

AMERICAN AIRLINES, INC. and
KENNETH CHAPLINE,

    Defendants,
_____/

## WRITTEN ASSURANCE

    I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in this case and I am familiar with the Sensitive Security Information handling requirements under 49 CFR Parts 15 and 1520.

    I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to the Confidential Documents furnished by AMERICAN AIRLINES, INC.

    Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned court for the special and limited purpose of enforcing the terms of the Protective Order.

    I recognize that all civil remedies for breach of this Written Assurrance are specifically reserved by AMERICAN AIRLINES, INC and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Written Assurance, I recognize that AMERICAN AIRLINES, INC may pursue all civil remedies available to it as a third-party beneficiary of this Written Assurance.

| | |
|---|---|
| DATE | PRINTED NAME |
| | SIGNATURE |